**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Carrie A Platt, | No. CV-17-02020-PHX-JZB |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Carrie A. Platt seeks review under 42 U.S.C. § 405(g) of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied her disability insurance benefits and supplemental security income under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. Because the decision of the Administrative Law Judge ("ALJ") is not supported by substantial evidence and is based on legal error, the Commissioner's decision will be vacated and the matter remanded for further administrative proceedings.

**I.    Background.**

On July 10, 2013, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability beginning September 15, 2010. On October 1, 2015, she appeared with her attorney and testified at a hearing before the ALJ. An impartial medical expert also testified. On October 21, 2015, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review of the hearing decision, making the ALJ's

decision the Commissioner's final decision.

**II.     Legal Standard.**

The district court reviews only those issues raised by the party challenging the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if the determination is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* In determining whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

**III.    The ALJ's Five-Step Evaluation Process.**

To determine whether a claimant is disabled for purposes of the Social Security Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC")

and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through September 30, 2014, and that she has not engaged in substantial gainful activity since September 15, 2010. At step two, the ALJ found that Plaintiff has the following severe impairments: "fibromyalgia and inflammatory arthritis." (AR 16.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. At step four, the ALJ found that Plaintiff has the RFC to perform:

> a reduced range of light work as defined in 20 CFR 404.1567(b), with additional limitations. The claimant is additionally limited to occasional climbing or ladders, ropes, or scaffolds and frequent use of her hands.

The ALJ further found that Plaintiff is unable to perform any of her past relevant work. At step five, the ALJ concluded that, considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform.

**IV.     Analysis.**

Plaintiff argues the ALJ's decision is defective for three reasons: (1) the ALJ erred in rejecting, or ignoring, the assessments of Roger P. Rose, D.O.; (2) the ALJ erred in rejecting the Plaintiff's symptom testimony; and (3) the ALJ erred by using medical-vocational guidelines ("grids"). The Commissioner concedes harmful error in the ALJ's decision and development of the record. (Doc. 24 at 3.) Specifically, the ALJ erred by failing to discuss Dr. Rose's December 2013 opinion. (*Id.* at 9.) But, the parties disagree

on the appropriate remedy and the Court must decide whether to remand for further proceedings or for an award of benefits.

Where an ALJ fails to provide adequate reasons for rejecting the opinion of a physician, the Court must credit that opinion as true. *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). An action should be remanded for an immediate award of benefits when the following three factors are satisfied: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1202 (9th Cir. 2008), *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007), *Orn*, 495 F.3d at 640, *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004), and *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). There is "flexibility" that allows "courts to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1020.

Here, Plaintiff argues the Court must remand his case for award of benefits because the improperly rejected medical opinion of Dr. Rose, when credited as true, would establish disability. (Doc. 17 at 13.) Further, Plaintiff's reported symptoms "would make it impossible to perform sustained work." (*Id.* at 25.)

The Commissioner contends the Court must remand for further proceedings for three reasons. First, further proceedings would serve a useful purpose because there are conflicts between the medical opinions in the record. (Doc. 24 at 9.) Second, upon remand the ALJ may revisit what jobs Plaintiff can perform and obtain vocational expert evidence. (*Id.* at 10.) Third, "without conceding error, the Commissioner agrees that the ALJ should further evaluate Plaintiff's symptoms upon remand." (*Id.* at 7.)

After a review of the record, the Court finds that remand for further proceedings is

appropriate because, even if Dr. Rose's assessment is credited as true, the record as a whole creates serious doubt that Plaintiff is, in fact, disabled. Specifically, the record shows that Plaintiff was noncompliant with recommended treatments; there are conflicting medical opinions in the record; and, there are inconsistencies within the record in regard to Plaintiff's pain.

### A. Noncompliance With Treatment.

The Court finds Plaintiff was noncompliant with her prescribed treatment, which raises serious doubt about the existence of a disability. Specifically, on January 24, 2011 the record shows Plaintiff stopped taking her medication for a period of six weeks. (AR 253.) Plaintiff gave inconsistent reasoning for discontinuing medication: due to "[not] tolerating the medication and [feeling] tired, weak, and [nauseous]" (*id.*); "due to her father putting pressure on her that she was on too much medicine" (*id.*); and, "due to quite a bit of emotional stress related to the death of her [two] closest friends." (AR 322.) The Court finds this weighs against the credibility of Plaintiff's symptom testimony. *See Morales v. Berryhill*, 719 F. App'x 574 (9th Cir. 2017) (holding "[Plaintiff's] intermittent discontinuation of her medication" supports "finding claimant not wholly credible.").

Additionally, Plaintiff repeatedly failed to have "labs," "eye exams," and "plain films of left hip," as requested by her treating physician, because "her life is very busy." (AR 238, 260, 284, 287, 292, 297, 312, 317.) "According to agency rules, 'the individual's statements may be less credible . . . if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure.' SSR 96–7p." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). Here, Plaintiff appears to be noncompliant with orders from her treating physicians without good reason. Not taking medication for six weeks without a consistent, acceptable excuse creates serious doubt that the Plaintiff suffers from symptoms as debilitating as she claims.

Accordingly, Plaintiff's failure to comply with her treatment regimen undermines her symptom testimony and raises doubt about the extent of her limitations. The Court will remand for further proceedings to determine if Plaintiff has a credible reason for her

noncompliance. *See Tommasetti v. Astrue*, 553 F.3d 1035, 1039 (9th Cir. 2008) (affirming denial of benefits where claimant had an "unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment"); *Sivilay v. Comm'r of Soc. Sec.*, 32 F. App'x 911, 914 (9th Cir. 2002) (finding remanding for further proceedings is appropriate because it "allows further development of the issue of [plaintiff's] noncompliance with her prescribed treatment regimen, and whether her noncompliance renders her ineligible for benefits.").

### B. Inconsistencies in the Medical Record.

Secondly, the Court finds there are inconsistencies in regard to pain in Plaintiff's medical progress reports. In her symptom testimony, Plaintiff states she is "in pain 24 hours a day." (AR 54.) On September 14, 2011, Dr. Silverman, Plaintiff's Rheumatologist, reports Plaintiff's "general overall feeling is good," but Plaintiff's "pain is constant (100% of the time)," and also that Plaintiff's pain "is relieved by medication." (AR 238.) Similar inconsistencies exist throughout the record. Plaintiff frequently reports that her medication relieves her pain. (*See, e.g.,* AR 238, 243, 248, 253.) "Occasional symptom-free periods . . . are not inconsistent with finding that claimant suffers disability." *Lester*, 81 F.3d at 821. *See also Kepling v. Astrue*, 2011 WL 3510897, at *8 (D. Ariz. Aug. 10, 2011) (finding "generic statements that a claimant is 'doing better' do not necessarily constitute evidence of an improvement in symptoms."). But, if Plaintiff's medication successfully controls her symptoms the ALJ may find Plaintiff is not disabled. *See Merillat v. Comm'r of Soc. Sec. Admin.*, 350 F. App'x 163, 165 (9th Cir. 2009) (denying plaintiff benefits, in part, because "the record showed that [plaintiff's] symptoms were controlled with medication and that when she was compliant, her limitations ranged consistently from mild to moderate."). Accordingly the Court remands for further proceedings to determine if Plaintiff's symptoms are sufficiently relieved by medication.

### C. Inconsistent Medical Opinions.

Finally, the Court finds that inconsistent medical opinions in the record raise serious doubt as to whether the Plaintiff is disabled. Specifically, Dr. Rose completed three

"Medical Assessment of Ability to Do Work-Related Physical Activities," finding Plaintiff is capable of less-than-sedentary work. (AR 386-87, 450-51, 515-16.) But Dr. Khumalo, a State Agency examining physician, opined that Plaintiff had only mild limitations and could sit without limitation during an eight-hour work day. (AR 383.) Further, Dr. White, a medical expert, opined there is "no question that [plaintiff] objectively has pain" (AR 39) but Plaintiff would be able to perform "at least sedentary" work. (AR 35.) But, Dr. White stated he was not considering pain in his evaluation, which is a primary symptom of fibromyalgia. (AR 35, 41.) Dr. Charles Fina, a non-examining State Agency medical consultant, found there was "no reason to limit [Plaintiff with] controlled [Rheumatoid Arthritis] to less than light function." (AR 68.) Dr. J. Wright, a second non-examining State Agency medical consultant, found Plaintiff could perform light work. (AR 86.)

> In context of social security disability determinations, opinion of examining physician is entitled to greater weight than opinion of nonexamining physician, and Commissioner must provide "clear and convincing" reasons for rejecting uncontradicted opinion of examining physician; opinion of examining doctor, even if contradicted by another doctor, can only be rejected for specific and legitimate reasons that are supported by substantial evidence in record.

*Lester*, 81 F.3d at 821.

The ALJ incorrectly rejected Dr. Rose's contradicted medical opinion because the ALJ did not provide specific or legitimate reasons. The ALJ's reasoning that Dr. Rose would have "a tendency to acquiesce to [Plaintiff's] requests" is not a legitimate reason for discounting the Doctor's opinion. (AR 21.) *See Lester*, 81 F.3d at 832 (holding an ALJ "may not assume that doctors routinely lie to help their patients collect disability benefits."). Further, the Commissioner concedes that the ALJ erred in not addressing Dr. Rose's assessment from 2013. (Doc. 24 at 9; AR 386.) But, the inconsistencies between the medical opinions create serious doubt about whether the Plaintiff is disabled. Accordingly, the Court finds that remand for further proceedings is proper. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 19 F.3d 595, 602-03 (9th Cir. 1999) (affirming denial of

benefits, and finding that "internal inconsistencies within [the doctors'] reports and inconsistencies between their reports constitute relevant evidence" in determining whether to discount their opinions).

**D.     Conclusion.**

In this instance, the Commissioner concedes that the ALJ erred in failing to address Dr. Rose's 2013 assessment. (Doc. 24 at 9.) Therefore, the question before the Court is whether to remand for benefits or remand for further proceedings. Evaluation of the record as a whole creates serious doubt that the claimant is, in fact, disabled. Specifically, the record shows contradictory medical opinions; that Plaintiff was noncompliant with recommended treatments; and, that there are inconsistencies in the record in regard to Plaintiff's pain. Accordingly, the Court will remand for further proceedings. *See Garrison*, 759 F.3d at 1021 (noting that a district court retains the flexibility to "remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.").

**IT IS ORDERED** that the final decision of the Commissioner of Social Security is **vacated** and this case is **remanded** for further proceedings consistent with this opinion. The Clerk shall enter judgment accordingly and **terminate** this case.

Dated this 9th day of July, 2018.

Honorable John Z. Boyle
United States Magistrate Judge